UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CRAIG S. ROMANZI,
Debtor.

Case No. 16-cv-13986

FIEGER & FIEGER P.C., et al.,
Appellants,

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

v.

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

KENNETH A. NATHAN,
Appellee.

_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS APPEAL FOR LACK OF
JURISDICTION [4]**

**I. INTRODUCTION**

This case stems from an involuntary bankruptcy proceeding filed against Craig S. Romanzi ("Debtor") on March 16, 2016. The bankruptcy trustee of Romanzi, Kenneth A. Nathan ("Appellee" or "Trustee") seeks recovery of an attorney fee that he alleges Fieger & Fieger, P.C. and Geoffrey N. Fieger ("Appellants" or "Defendants") wrongfully retained. Appellee claims the attorney fee is an asset of the bankruptcy estate. On August 30, 2016, Appellants filed a Motion for Abstention concerning the Adversary Proceeding. The Bankruptcy Court denied this motion on October 26, 2016.

Appellants filed a Notice of Appeal with this Court on November 10, 2016, Dkt. No. 1. Appellee, the Chapter 7 trustee, has moved to dismiss this appeal from

the denial of a motion for abstention because it constitutes an improper interlocutory appeal and appellants did not properly seek leave to appeal. Dkt. No. 4. Appellants oppose the motion on the ground that district courts are permitted to hear appeals under 28 U.S.C. § 1334. Dkt. No. 6.

Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Court will **GRANT** Appellee's Motion to Dismiss [4] the appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Debtor, Craig Romanzi, previously worked as a partner in the law firm of Romanzi & Nardicchio, PLLC. Dkt. No. 10, p. 25 (Pg. ID 235). On February 12, 2014, Debtor joined the law firm of Fieger & Fieger, PC. *Id*. On March 10, 2014, Debtor filed a wrongful death action in Wayne County Circuit Court (hereinafter, the "Thomas Litigation"). *Id*. Debtor left the Fieger firm on February 9, 2015. *Id*.; Dkt. No. 10, p. 78 (Pg. ID 288).

The Fieger firm retained the Thomas Litigation on behalf of the plaintiffs. Dkt. No. 10, p. 25 (Pg. ID 235). In August 2015, the Fieger firm filed a motion for approval of settlements and for an order authorizing the payment of attorney fees and costs. *Id*. at 25–26 (Pg. ID 235–36). On August 16, 2015, Debtor filed a notice of claim of lien in the Thomas Litigation. *Id*. at 26 (Pg. ID 236). In that notice,

Debtor alleged that he brought the case to the Fieger firm and that he was entitled to a lien in the amount of one-third of the net recovery obtained in the case. *Id*. On August 19, 2015, the Fieger firm filed a "Notice of Fraudulent Pleading," alleging that Debtor's claim of lien was fraudulent and that he had no interest in any of the attorney fees owed as a result of the settlement in the Thomas Litigation. *Id*.

On September 3, 2015, the state court in the Thomas Litigation entered an order approving wrongful death settlements and approving fees and costs in the case. *Id*. In total, the Fieger firm was awarded $74,862.54 in costs and $3,547,541.10 in fees for the estates of Tracey Thomas, William Thomas, and Dorothy Thomas.[1] *Id*. The state court also entered an order absolving the state court defendants and their insurance carriers from any responsibility or liability relating to attorney liens. *Id*. That order directed that the settlement checks shall be issued to the estates and the Fieger firm, "except for payments to fund any structures which are to be issued to or at the direction of the structure provider." Dkt. No. 10, p. 81 (Pg. ID 291). Debtor did not seek reconsideration or appeal the orders entered regarding fees in the Thomas Litigation. *Id*. at 27 (Pg. ID 237).

---

[1] In the Thomas Litigation, the Honorable John A. Murphy ordered costs and fees as follows: (1) Estate of Tracy Thomas: costs in the amount of $24,954.18 and fees in the amount of $1,267,513.70; (2) Estate of William Thomas: costs in the amount of $24,954.18 and fees in the amount of $1,237,513.70; and (3) Estate of Dorothy Thomas: costs in the amount of $24,954.18 and fees in the amount of $1,042,513.70. Dkt. No. 10, pp. 130–31 (Pg. ID 340–41).

On September 29, 2016, Debtor filed a complaint in Oakland County Circuit Court against the Fieger firm, Case Number 2016-151745-CB, alleging breach of contract, misrepresentation, fraud, conversion, and negligence. *Id*. The complaint sought compensation for attorney fees Debtor believed the Fieger firm owed to him as a result of his involvement in the Thomas Litigation. *Id*.

An involuntary Chapter 7 bankruptcy case was filed against Debtor Craig S. Romanzi on March 16, 2016 in Case Number 16-43857-mbm (the "Bankruptcy Case"). Dkt. No. 10, p. 203 (Pg. ID 413). *Id*. Kenneth A. Nathan was appointed trustee over the bankruptcy estate. *Id*. Among the assets allegedly owed to the estate is an amount equal to one-third (1/3) of the attorney fee of $3,547,541.24[2] from the Thomas Litigation. Dkt. No. 10, pp. 202–13 (Pg. ID 413–23).

On July 6, 2016, Debtor's lawsuit in Oakland County Circuit Court was voluntarily dismissed without prejudice. Dkt. No. 10, p. 148 (Pg. ID 358). On July 12, 2016, Trustee filed a five-count adversary complaint against the Fieger firm and Geoffrey Fieger (hereinafter referred to as the "Adversary Proceeding"). *See* Dkt. No. 10, pp. 203–13 (Pg. ID 413–23).[3] The Adversary Proceeding, No. 16-04672-mbm, includes claims for breach of contract, quantum meruit,

---

[2] As stated above, the correct total for all fees resulting from the Thomas Litigation is $3,547,541.10, not $3,547,541.24. The Court does not have information on why there is a fourteen-cent error in the amount being sought.

[3] The original complaint of the Adversary Proceeding, filed in July 2016, does not appear to be included in the record provided to this Court. Accordingly, the Court cited to the First Amended Complaint, filed November 8, 2016.

-4-

misrepresentation, fraud, conversion, negligence, and a lien. *Id.* Appellants filed a motion for abstention on August 29, 2016. Dkt. No. 10, p. 95 (Pg. ID 305). The bankruptcy court held a hearing on the motion on October 25, 2016 and issued an order denying the motion the following day. Dkt. No. 10, p. 11 (Pg. ID 221); Dkt. No. 10, p. 10 (Pg. ID 220).

On November 10, 2016, Appellants filed a Notice of Appeal. Dkt. No. 1. Shortly thereafter, Trustee filed a Motion to Dismiss Appeal on the ground that this is an improper interlocutory appeal and Appellants neither had sought nor had received leave to appeal. Dkt. No. 4. Appellants have filed their response brief, Dkt. No. 6, to which Trustee replied, Dkt. No. 8.

### III. LEGAL STANDARD

The jurisdiction of a district court to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a).

In the Sixth Circuit, "[f]or the purpose of an appeal, a final order is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *In re Bruner*, 561 B.R. 397, 400 (B.A.P. 6th Cir. 2017) (quoting *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798 (1989)). Finality "is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008) (quoting *Lindsey v. O'Brien, Tanksi, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning)*, 86 F.3d 482, 488 (6th Cir. 1996)). This is because "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (quoting *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)). "Where a bankruptcy court's order does not 'alter the status quo' or 'fix the rights and obligations of the parties,' it does not finally dispose of a discrete dispute." *In re Blasingame*, 651 F. App'x 386, 388 (6th Cir. 2016) (quoting *Bullard*, 135 S.Ct. at 1692) (internal alterations omitted).

Parties in a bankruptcy action may only appeal interlocutory orders with the leave of the court. 28 U.S.C. § 158(a)(3).

## IV. DISCUSSION

### A. The Court Does Not Have Jurisdiction Under 28 U.S.C. § 158(a)(1)

Appellants' response appears to argue that 28 U.S.C. § 1334(d) grants them a statutory appeal as a matter of right. Dkt. No. 6, p. 4 (Pg. ID 108). They do not address Appellee's argument that there has not been a final judgment from the Bankruptcy Court, rendering this case an interlocutory appeal for which no leave of court was sought.

The language of Section 1334(d) does not explicitly provide that an appeal as a matter of right follows a bankruptcy court's order denying a motion for abstention. The section states, in its entirety:

> Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

28 U.S.C. § 1334(d).

Appellants cite to several out-of-district cases for the principle that they are entitled to appeal a denial of a motion for abstention under Section 1334(c). *See In re Unanue-Casal*, 164 B.R. 216, 218 n.2 (D.P.R. 1993) (stating in a footnote that a decision under "28 U.S.C. § 1334(c) is appealable as of right immediately to a

district court."); *In re GF Corp.*, 127 B.R. 384, 385 (Bankr. N.D. Ohio 1991) ("Moreover, Congress recently amended the Bankruptcy Code to provide that bankruptcy judges may enter binding orders in abstention and remand matters which then may be appealed to district court."); *In re Platte River Bottom, LLC*, No. 13-13098 HRT, 2015 WL 3897453, at *4 (Bankr. D. Colo. June 23, 2015) (citing *Nat'l Roofing & Sheet Metal, Inc. v. Cincinnati Ins. Co.*, 130 B.R. 768, 776–78 (Bankr. S.D. Ohio 1991), for the principle that Section 1334(c) permits appeal orders on abstention to the district court). The decision upon which the footnote in *In re Unanue-Casal* was premised inferred this right from amendments to the section on mandatory abstentions. *See In re Holtzclaw*, 131 B.R. 162, 163 (E.D. Cal. 1991). In the present case, the Bankruptcy Court found that mandatory abstention did not apply because there was no currently pending litigation in state court.

In the Eastern District of Michigan, a bankruptcy court's order denying a motion to dismiss or abstain has been found to not be a final order. *See In re Hayes*, 453 B.R. 270, 274 (E.D. Mich. 2011) ("The bankruptcy court's order denying the Government's motion to dismiss or abstain is not a final order and thus the Government may only pursue an appeal under 28 U.S.C. § 158(a)(3), which provides that a district court has jurisdiction to hear appeals 'with leave of the court, from other interlocutory orders and decrees' of the bankruptcy court.").

-8-

2:16-cv-13986-GAD-RSW   Doc # 17   Filed 01/30/17   Pg 9 of 11   Pg ID 1219

Conversely, a bankruptcy court order that grants abstention and remands litigation to a state court has been found to constitute a final order, appealable as a matter of right. *In re Hagen*, No. 13-11901, 2014 WL 1153728, at *3 (E.D. Mich. Mar. 13, 2014) ("An order that remands litigation removed from a state court constitutes a final order."). As the Sixth Circuit stated in *In re Blasingame*, "it is of course quite common for the finality of a decision to depend on which way the decision goes. An order granting a motion for summary judgment is final; an order denying such a motion is not." 651 F. App'x at 388 (quoting *Bullard*, 135 S.Ct. at 1694).

Review of the record indicates that the Bankruptcy Court's order did not finally dispose of the discrete dispute of the Adversary Proceeding. The order denying abstention did not "fix the rights and obligations of the parties," resolve any of the claims brought by Appellee, or alter the status quo. *See In re Blasingame*, 651 F. App'x at 388. The merits of the Adversary Proceeding have yet to be assessed, let alone ended such that a judgment could be executed. The order denying abstention therefore lacked finality and was not appealable as a matter of right under 28 U.S.C. § 158(a)(1). *See, e.g., In re GACN, Inc.*, 555 B.R. 684, 691–92 (B.A.P. 9th Cir. 2016) ("The order denying abstention at issue herein did not meet the general federal civil finality standard, so it was interlocutory and not final."); *In re Bankr. Estate of Morgantown Excavators, Inc.*, 507 B.R. 126, 131 (N.D.W. Va. 2014) (holding a bankruptcy court's order denying the

appellants' motion to remand or abstain was not a "final order" under 28 U.S.C.
§ 158(a)(1)).

### B.  The Court Declines to Exercise Jurisdiction Under 28 U.S.C. § 158(a)(3)

Accordingly, Appellants can only seek relief pursuant to 28 U.S.C.
§ 158(a)(3) as the Bankruptcy Court's order may only be reviewable as an
interlocutory appeal. Under 28 U.S.C. § 1292(b), a district court may hear an
interlocutory appeal if "(1) the order involves a controlling question of law; (2) a
substantial ground for difference of opinion exists regarding the correctness of the
decision; and (3) an immediate appeal may materially advance the ultimate
termination of the litigation." *In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D.
Mich. 2006) (Hood, J.) (quoting *West Tenn. Chapter of Associated Builders &
Contractors, Inc. v. City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). "Because
interlocutory appeals contravene the judicial policy opposing piecemeal litigation
and the disadvantages of delay and disruption associated with it, review under
§ 1292(b) should be sparingly granted and then only in exceptional cases." *In re
Hayes*, 453 B.R. 270, 274–75 (E.D. Mich. 2011) (internal quotation marks and
citations omitted).

Reviewing the record and pleadings in this appeal, it does not appear that the
Bankruptcy Court's order involved a controlling issue of law; much less one where
a substantial ground for difference of opinion exists regarding the correctness of

that decision. Furthermore, there is no indication that allowing an interlocutory appeal would materially advance the ultimate termination of this litigation. In sum, this is not one of the exceptional cases warranting leave of court to appeal an interlocutory order from the Bankruptcy Court. Thus, although Appellants did not seek leave to appeal, if they had, such leave would not be granted.

## V. CONCLUSION

Accordingly, based on the above, this case is **DISMISSED** and **REMANDED** to the United States Bankruptcy Court for the Eastern District of Michigan.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to transmit a copy of this opinion and order to counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Eastern District of Michigan.

Dated:        January 30, 2017

s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

-11-