UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I̲N̲ ̲R̲E̲ C̲R̲A̲I̲G̲ S. R̲O̲M̲A̲N̲Z̲I̲,
  Debtor.

F̲I̲E̲G̲E̲R̲ & F̲I̲E̲G̲E̲R̲ P.C., et al.,
  Appellants,

v.

K̲E̲N̲N̲E̲T̲H̲ A. N̲A̲T̲H̲A̲N̲,
  Appellee.
_____/

Case No. 16-cv-13986

U̲N̲I̲T̲E̲D̲ S̲T̲A̲T̲E̲S̲ D̲I̲S̲T̲R̲I̲C̲T̲ C̲O̲U̲R̲T̲ J̲U̲D̲G̲E̲
G̲E̲R̲S̲H̲W̲I̲N̲ A. D̲R̲A̲I̲N̲

U̲N̲I̲T̲E̲D̲ S̲T̲A̲T̲E̲S̲ M̲A̲G̲I̲S̲T̲R̲A̲T̲E̲ J̲U̲D̲G̲E̲
R. S̲T̲E̲V̲E̲N̲ W̲H̲A̲L̲E̲N̲

**O̲P̲I̲N̲I̲O̲N̲ A̲N̲D̲ O̲R̲D̲E̲R̲ D̲E̲N̲Y̲I̲N̲G̲ M̲O̲T̲I̲O̲N̲ F̲O̲R̲ R̲E̲C̲O̲N̲S̲I̲D̲E̲R̲A̲T̲I̲O̲N̲ [19]**

**I. I̲N̲T̲R̲O̲D̲U̲C̲T̲I̲O̲N̲**

Fieger & Fieger, P.C. and Geoffrey N. Fieger ("Appellants" or "Defendants") filed a Notice of Appeal with this Court on November 10, 2016, regarding the Bankruptcy Court's denial of their Motion for Abstention. Dkt. No. 1. The bankruptcy trustee of Craig S. Romanzi ("Debtor"), Kenneth A. Nathan ("Appellee" or "Trustee") moved to dismiss this appeal from the denial of a motion for abstention because it constitutes an improper interlocutory appeal and appellants did not properly seek leave to appeal. Dkt. No. 4. On January 30, 2017, this Court entered an Order granting the Motion to Dismiss. Dkt. No. 17.

-1-

Presently before the Court is Appellants' Motion for Reconsideration. Dkt. No. 19. Upon consideration of the arguments presented by Appellants, the Court will deny their Motion for Reconsideration [19].

## II. FACTUAL AND PROCEDURAL BACKGROUND

An involuntary Chapter 7 bankruptcy case was filed against Debtor Craig S. Romanzi on March 16, 2016 in Case Number 16-43857-mbm (the "Bankruptcy Case"). Dkt. No. 10, p. 203 (Pg. ID 413). *Id*. Kenneth A. Nathan was appointed trustee over the bankruptcy estate. *Id*. Among the assets allegedly owed to the estate is a portion of attorney fees retained by Debtor's prior employers, Appellants.

Debtor had previously filed a lawsuit in Oakland County Circuit Court to recover these fees, but voluntarily dismissed them in July 2016. Dkt. No. 10, p. 148 (Pg. ID 358). Less than a week later, Trustee filed a five-count adversary complaint against Appellants in the bankruptcy proceeding (hereinafter referred to as the "Adversary Proceeding"). *See* Dkt. No. 10, pp. 203–13 (Pg. ID 413–23). Appellants filed a motion for abstention on August 29, 2016. Dkt. No. 10, p. 95 (Pg. ID 305). Appellants argued for both mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2), and permissive abstention, pursuant to 28 U.S.C. § 1334(c)(1). *Id*. at 83, 88 (Pg. ID 293, 298).

The bankruptcy court held a hearing on the motion on October 25, 2016 and issued an order denying the motion the following day. Dkt. No. 10, p. 11 (Pg. ID 221); Dkt. No. 10, p. 10 (Pg. ID 220).

On November 10, 2016, Appellants filed a Notice of Appeal to this Court. Dkt. No. 1. Shortly thereafter, Trustee filed a Motion to Dismiss Appeal. Dkt. No. 4. The Court granted Appellee's motion on January 30, 2017. Dkt. No. 17. Appellants now seek reconsideration. Dkt. No. 19.

### III. LEGAL STANDARD

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298

F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

### IV. DISCUSSION

Appellants contend that, pursuant to 28 U.S.C. § 1334(c)(2), under which part of their abstention motion was brought, the bankruptcy court erred in failing to abstain from hearing the Adversary Proceeding. This Court, concluding the bankruptcy court's abstention order was interlocutory, dismissed the appeal for lack of jurisdiction. *See* Dkt. No. 17.

Appellants' primary argument is that the Court's interpretation of 28 U.S.C. § 1334(d) did not give meaning to Congress's distinction between the appellate jurisdiction relating to issues of mandatory abstention, 28 U.S.C. § 1334(c)(1), and permissive abstention, 28 U.S.C. § 1334(c)(2). Dkt. No. 19, p. 6 (Pg. ID 1228). Based on the carve-out in section 1334(d), Appellants assert that they have a right to appeal orders denying mandatory abstention, regardless of finality, based on their interpretation of the statutory text. *See id*. at 9 (Pg. ID 1231).

The Court agrees with Appellants that district courts are not barred from reviewing bankruptcy court orders denying mandatory abstention. This Court is not the "court of appeals" referred to in section 1334(d), which is barred from considering decisions to abstain or not under section 1334(c)(1), but may consider decisions not to abstain under section 1334(c)(2). Under section 1334(d), appeals

-4-

from decisions not to abstain are not prohibited in this court, or in the court of appeals.

As appellate courts, district courts are duty-bound to determine jurisdiction over bankruptcy appeals prior to proceeding on the merits. *See In re Henriquez*, 261 B.R. 67, 69 (B.A.P. 1st Cir. 2001); 28 U.S.C. § 158(a). Under section 158, jurisdiction arises from final determinations, interlocutory determinations under 11 U.S.C. § 1121(d), and from other interlocutory determinations with leave of court. *Id*. Section 1334(d) does not state at what point in the bankruptcy proceedings parties may appeal, and does not explicitly carve-out an exception to the ordinary finality requirement. Here, the Court found that the bankruptcy court's order was not a final determination and that Appellants had not sought leave of court for an interlocutory appeal.

The Court is not the first to reach the conclusion that a bankruptcy court's order denying a motion for abstention requires leave of court to appeal. In 2013, a bankruptcy court in the Sixth Circuit spoke to the question of whether orders denying mandatory and permissive abstention are final judgments for appeal to a district court:

> The Sixth Circuit Court of Appeals in the unpublished opinion of *In re Gentry*, 127 F.3d 1102 (table), 1997 WL 664747 (6th Cir. 1997), held that an order denying abstention is "clearly interlocutory" and not appealable under the collateral order exception to the final judgment rule established in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). Orders denying abstention are treated differently than order

> granting abstention because orders denying abstention are treated as interlocutory while orders granting abstention fall under the collateral order exception. Based on this case law, the bankruptcy court respectfully opines that its August 13, 2013 order [denying mandatory abstention, permissive abstention, and remand] was an interlocutory order within the Fed. R. Bankr. P. 7042 consolidated Adversary Proceedings, being nos. 13–00197 and 13–00208. The August 13, 2013 order merely denied mandatory and permissive abstention and remand and did not dispose of the entire subject disputed in the consolidated adversary proceedings. Upon the bankruptcy court issuing a final judgment on the Law Firm's removed lawsuit and its § 523(c) nondischargeability complaint, that judgment along with the order denying abstention and remand would be appealable final orders subject to the provisions of 28 U.S.C. § 158(a)(1) and Fed. R. Bankr.P. 8001(a).

*In re Wade*, 500 B.R. 896, 903–04 (Bankr. W.D. Tenn. 2013) (internal citations omitted); *see also In re Gentry*, 127 F.3d 1102, *1 (6th Cir. 1997) ("The order denying abstention was clearly interlocutory as evidenced by the trial and subsequent judgment that have been entered in the bankruptcy court during the pendency of this appeal . . . If the judgment is affirmed by the district court, Gentry will be free to appeal the affirmance and raise the appropriateness of denying mandatory abstention as one of his issues on appeal.").

The Court also notes that its decision is in line with a plethora of recent cases interpreting whether appeal of a bankruptcy court's order denying a motion to abstain pursuant to section 1334(c)(2) requires leave of court under section 158(a)(3). *See, e.g.*, *In re GACN, Inc.*, 555 B.R. 684, 692 (B.A.P. 9th Cir. 2016) ("Unless we grant leave to appeal, this interlocutory appeal from the bankruptcy

court's order denying abstention is subject to dismissal for lack of jurisdiction."); *In re: Meridian Med. Sys., LLC*, No. 15-2028, 2016 WL 3221558, at *2 (D. Me. June 10, 2016) (finding appellant's appeal of a bankruptcy court's order denying mandatory abstention to be interlocutory and denying leave to appeal); *In re Bankr. Estate of Morgantown Excavators, Inc.*, 507 B.R. 126, 131 (N.D.W. Va. 2014) (finding a bankruptcy court's order denying mandatory or permissive abstention was not a final order under section 158(a)(1)); *In re Extended Stay, Inc.*, No. 09-13764 JMP, 2012 WL 491436, at *2 (S.D.N.Y. Feb. 14, 2012) ("Because the abstention order [denying mandatory and permissive abstention] does not resolve an entire claim, it is not final under section 158(a).").

In 2015, the First Circuit considered a case where appellants argued that a bankruptcy court should have remanded the case pursuant to the mandatory abstention provision of 28 U.S.C. § 1334(c)(2), but the appellants made no meaningful effort to address the jurisdictional issues that prompted the district court to dismiss the appeal. *In re Gonzalez*, 795 F.3d 288, 291–92 (1st Cir.), *cert. denied sub nom. Sitka Enterprises, Inc. v. Miranda*, 136 S. Ct. 587 (2015). The panel stated:

> The bankruptcy court's order refusing to remand the case to state court was likewise not final. Under the general federal removal statute, this circuit treats an order refusing remand to state court in a diversity case as a non-final interlocutory order which is not immediately appealable. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 829 (1st Cir. 1997).

> Other courts have reached the same conclusion in bankruptcy as to a refusal to abstain under § 1334(c)(2), noting that such a refusal "does not 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.' " *Beightol v. UBS Painewebber, Inc.*, 354 F.3d 187, 189 (2d Cir. 2004) (Sotomayor, J.) (second and third alterations in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)); *accord Schuster v. Mims* (*Matter of Rupp & Bowman Co.*), 109 F.3d 237, 240–41 (5th Cir. 1997); *see also Krasnoff v. Marshack* (*In re Gen. Carriers Corp.*), 258 B.R. 181, 187 (9th Cir. BAP 2001) (collecting cases). We agree. A refusal to abstain "merely determines where the case will be adjudicated; it does not resolve any of the substantive issues raised in the lawsuit." *Beightol*, 354 F.3d at 189; *see also* 1 Collier on Bankruptcy ¶ 5.08[5] (noting that "orders in which the merits are not determined" are generally not final).

*Id.* at 291 (internal alternations omitted); *see also Beightol v. UBS Painewebber, Inc.*, 354 F.3d 187, 189 (2d Cir. 2004) ("[D]ecisions not to abstain are not so conclusive of the litigation or effectively unreviewable as part of an eventual final judgment as to be appealable as collateral orders . . . ."); *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 239–40 (5th Cir. 1997) (dismissing appeal for lack of jurisdiction where bankruptcy court denied motion for mandatory abstention and district court dismissed the interlocutory appeal, noting "once the bankruptcy court renders a final judgment with respect to the . . . claim, the [Appellants] will be free to appeal that decision and to challenge the appropriateness of the decision not to abstain."). The First Circuit panel also commented that the district court's conclusion that it lacked jurisdiction over the appeal because the bankruptcy

court's orders were not final was "plainly correct." *In re Gonzalez*, 795 F.3d at 291–92.

Appellants have cited to several cases that they believe support their argument that section 1334 provides an appeal of right, regardless of finality. The Court finds these cases distinguishable. In *Lindsey v. Dow Chemical Co.*(In re Dow Corning Corp.), 113 F.3d 565 (6th Cir. 1997), the Sixth Circuit examined its ability to review a district court's abstention determination in light of its previous order to the district court to undertake a case-by-case review of these tort claims and to determine, as to each case, whether to abstain. *Id.* at 569 ("First, this is not the ordinary situation in which the district court, either on motion of a party or on its own motion, determines that abstention under 28 U.S.C. § 1334(c) is appropriate."). In analyzing the Court of Appeal's ability to review abstention decisions with jurisdiction in mandamus, the Sixth Circuit focused on the district court's failure to comply with the Sixth Circuit's earlier order. *Id.* at 570. The Sixth Circuit did not evaluate a bankruptcy court's order declining to abstain, and did not weigh whether section 1334(d) displaced a district court's responsibility to evaluate jurisdiction under section 158(a).

Additionally, none of the bankruptcy court orders Appellants cited discuss the issue of district court jurisdictional requirements to the same extent as the more recent district court and bankruptcy appellate panel decisions referenced above.

*See In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768, 777 (Bankr. S.D. Ohio 1991) (determining that bankruptcy courts are authorized to enter final orders—rather than just recommendations—regarding abstention, without determining district court jurisdiction of appeals pursuant to section 158(a)); *In re GF Corp.*, 127 B.R. 384, 385 (Bankr. N.D. Ohio 1991) (holding that bankruptcy judges may enter binding orders in abstention cases which then may be appealed to the district court without addressing district court jurisdiction of these appeals pursuant to section 158(a)); *In re Platte River Bottom, LLC*, 2015 WL 3897453, *4 (Bankr. D. Colo. June 23, 2015) (quoting *In re Nat'l Roofing & Sheet Metal*, for the principle that section 1334(c) "authorizes bankruptcy courts to enter binding orders on motions to abstain and permits the appeal of these orders to the district court," without addressing district court jurisdiction over appeals pursuant to section 158(a)).

A more recent bankruptcy court opinion in this circuit that did address a district court's appellate jurisdiction found that an order denying abstention is an interlocutory order, requiring leave of court to appeal. *See In re Wade*, 500 B.R. at 903–04. As this Court finds itself to be bound by the statute under which it has jurisdiction over bankruptcy appeals, 28 U.S.C. § 158(a), an interlocutory appeal may not proceed without leave of court.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Appellants have not shown that a more explicit analysis of section 1334(c)(2) mandatory abstention would result in a different disposition of the case. Appellants' Motion for Reconsideration [19] is **DENIED**.

Dated:     March 27, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge